**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1568-18T1

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

LUIS S. MANSO,

     Defendant-Appellant.

_____

        Submitted January 21, 2020 – Decided April 9, 2020

        Before Judges Fasciale and Rothstadt.

        On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment No. 98-11-4417.

        Luis S. Manso, appellant pro se.

        Theodore N. Stephens II, Acting Essex County Prosecutor, attorney for respondent (Matthew E. Hanley, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Luis Manso appeals from the November 7, 2018 denial of his second petition for post-conviction relief (PCR) without an evidentiary hearing. For the reasons that follow, we affirm.

The details of defendant's conviction for murder and other charges, as well as the sentencing court's imposition of an aggregate term of sixty years, were detailed in our earlier unpublished opinion affirming the denial of defendant's first petition for PCR. See State v. Manso, No. A-2646-12 (App. Div. Aug. 26, 2015) (slip op. at 3). As we noted in our prior opinion, we previously affirmed defendant's conviction and the Supreme Court denied certification.

On July 23, 2018, defendant filed his second PCR petition. On November 7, 2018, Judge Siobhan A. Teare entered an order denying "[p]etitioner's request for an attorney to be assigned and for [PCR] motion." The judge's order was supported by a ten-page written decision.

In her decision, the judge reviewed the history of defendant's conviction, his appeal, and the denial of his first PCR petition. The judge noted that the present petition was before her as a result of the United States District Court's decision to stay defendant's petition for habeas corpus in that court so he could "return to [S]tate court and address the allegations" of "prosecutorial misconduct" and other allegations "not raised in [S]tate court." The judge

described those other allegations as the prosecutor's "fail[ure] to disclose a potentially favorable witness, and that [defendant's] codefendant was prevented from testifying on his behalf due to an explicit condition of the codefendant[']s plea agreement."

The judge then turned to the issue of whether defendant had established good cause warranting the assignment of counsel for his second PCR petition. As the judge described, defendant contended that "the deliberate withholding of witnesses who were interviewed and whose statements would have allegedly been used to impeach the State's witness, [D.M.'s] version of events."

The judge then engaged in a detailed explanation of the law governing PCR petitions and specifically "second or subsequent petitions." Citing to Rule 3:22-12(a)(2), the judge described the circumstances under which a second petition could be pursued. In addition, the judge pointed out that under Rule 3:22-5 "'a prior adjudication upon the merits of any grounds for relief is conclusive whether made in the proceedings resulting in the conviction or in any post-conviction proceeding brought pursuant to this [Rule],' unless the constitutional problems are of substantial import."

A-1568-18T1

Applying those rules, Judge Teare addressed defendant's contentions and concluded that under Rule 3:22-12(a)(2), his second petition was time-barred. Despite the time-bar, the judge proceeded to address defendant's arguments.

First, the judge discussed defendant's contention about D.M.'s testimony, finding that defendant's contention was considered on his first PCR petition and denied based upon testimony adduced at an evidentiary hearing held at that time. She identified defendant's contention as being that the State "deliberately withheld the interview and statements of a witness," specifically, [M.S.], the girlfriend of [D.M.], who was the State's "chief confidential informant." Defendant supported his contention by stating M.S. "was on the run with [D.M.] for approx[imately] one (1) year while he was hiding from authorities and would have been privy to conversations about the incident" that gave rise to defendant's conviction. The judge concluded that this argument was "replete with speculation" because the record did not confirm that M.S. "was in fact interviewed."

The judge reviewed in detail portions of the record that established there was no confirmation of any interview and in fact no support from D.M. that M.S. "had any conversations with [D.M.] about the events or was ever interviewed by the [S]tate regarding this matter." The judge concluded that defendant's version

of the events was based upon pure speculation and he failed to establish a substantial denial of justice.

Turning to defendant's allegation that his codefendant was "told not to testify," the judge found that "this same issue was examined by the PCR court as to [another] codefendant." The judge considered the issue, even though it was not raised by defendant in his supporting brief, because it was raised by the federal court as an issue to be addressed. The judge found that defendant's contention about his codefendant being told not to testify was based upon his incorrect reading of the codefendant's plea agreement. The judge noted that the first PCR court already resolved the issue by finding that the statement in the codefendant's plea agreement was simply that "the [S]tate would not compel the codefendant to testify or use their statement against the codefendant at trial." That argument, which was addressed by the first PCR court, applied to the defendant's present contention as well.

Based on the judge's findings, she denied defendant's second petition for PCR. This appeal followed.

On appeal defendant presents to us the following two arguments:

A-1568-18T1

POINT I

THE DEFENDANT WAS DENIED DUE PROCESS
BASED UPON PROSECUTORIAL MISCONDUCT
WHERE THE STATE FAILED TO DISCLOSE
EXCULPATORY EVIDENCE.

POINT II

THIS COURT SHOULD EXERCISE ITS ORIGINAL
JURISDICTION PURSUANT TO R. 2:10-5 IN AN
EFFORT TO BRING THIS MATTER TO A CLOSE
DUE TO ITS PROTRACTED HISTORY. (NOT
RAISED BELOW).

We are not persuaded by these arguments and affirm substantially for the reasons expressed by Judge Teare in her written decision. We only add that we conclude from our de novo review of the record, see State v. Harris, 181 N.J. 391, 421 (2004), his contentions do not fall under any of the exceptions permitting the filing of a second PCR petition under Rule 3:22-4(b), and that defendant has failed to establish a viable claim that the prosecution in his case failed to disclose to defendants any exculpatory evidence or evidence that was material to his conviction. State v. Brown, 236 N.J. 497, 518 (2019) (citing Brady v. Maryland, 373 U.S. 83, 87 (1963)).

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

6

A-1568-18T1